File No.: 38-4939

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**04 4016**

[STAMP: IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ SEP 15 2004 ★ BROOKLYN OFFICE]

SHIRAZ KHAN and SHEREEN KHAN,

*Plaintiff(s)*

-against-

GRABBER MANUFACTURING COMPANY,

*Defendant(s).*

Docket No.: 2004-Civ-_____

**NOTICE OF REMOVAL OF A CIVIL ACTION**

GLASSER, J.

MATSUMOTO, M.J.

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

1. Defendant and Petitioner GRABBER MANUFACTURING COMPANY a/k/a GRABBER MANUFACTURING COMPANY, INC. ("Grabber"), by its attorneys, Miller & Associates, P.C., 99 Park Avenue Ste 1600, New York, New York 10016, respectfully petitions this Court for removal of the above entitled action from the Supreme Court of the State of New York for the County of Kings to the United States District Court for the Eastern District of New York (Brooklyn courthouse) pursuant to 28 U.S.C. §§1332, 1441, and 1446, and 29 United States Code §1132(e)(1), and Local Civil Rule 81.1, respectfully setting forth the following upon information and belief:

2. Each individual named as a party are as follows: SHIRAZ KHAN and SHEREEN KHAN, Plaintiffs.

3. The corporations named as parties include only GRABBER MANUFACTURING COMPANY, a/k/a GRABBER MANUFACTURING COMPANY, INC., Defendant.

4. Plaintiff Shiraz Khan is a citizen and resident of the State of New York.

5. Plaintiff Shereen Khan is a citizen and resident of the State of New York.

6. Defendant Grabber is a resident of the State of Georgia, with its principal place of business in the State of Georgia.

7. It is believed that the only defendant, Grabber, was never properly served. Plaintiff appears only to have attempted service upon the Secretary of State of the State of New York. Grabber is not a domiciliary of New York and is not amenable to service by this means.

8. This action was commenced in New York State Supreme Court, Kings County on or about May 24, 2004, when the action was filed bearing the index number 016439/2004. (The summons and complaint are annexed hereto as **Exhibit A**.) The summons and complaint are the only proceedings to date in the State Court.

9. It is unknown precisely when the summons and complaint were received by Grabber due to the fact that the President of the company deceased this summer in a tragic swimming accident, along with his son. However, plaintiffs' counsel has consented to removal. Plaintiffs' counsel has also provided until September 15, 2004 to respond to the complaint, if necessary.

10. In light of the foregoing, Defendant has acted with diligence and dispatch in seeking this removal, and good cause is shown for allowing removal pursuant to 28 USC 1441 and 1446, irrespective of time limits therein.

11. The amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction is claimed based on 28 USC §1332, diversity jurisdiction.

WHEREFORE, Petitioner respectfully requests that this action be removed from the Supreme Court of the State of New York, for the County of Kings to the United States District Court for the Eastern District of New York (Brooklyn Courthouse).

Dated: New York, New York
September 14, 2004

MILLER & ASSOCIATES, P.C.

By: James M. Haddad
*Attorneys for Defendant GRABBER MANUFACTURING COMPANY*
99 Park Avenue, Suite 1600
New York, New York 10016-1503
Telephone (212) 867-9255
Facsimile (212) 557-0565

https://webfolders.mydocsonline.com/MILLER %26 ASSOCIATES/CASES 00_39/38-4939 (Khan, Shiraz) [JMH]/Removal.doc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.: 16439/04
Date Filed: 5-24-04

SHIRAZ KHAN and SHEREEN KHAN,

Plaintiffs,

-against-

GRABBER MANUFACTURING COMPANY,

Defendant.

Plaintiff(s) designate(s)
Kings County

The basis of Venue is
Residence

SUMMONS

Plaintiff(s) reside(s) at:
5101 6th Avenue
Brooklyn, New York 11220

County of Kings

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or if the Complaint is not served with the Summons, to serve a Notice of Appearance on the plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: May 20, 2004

REINGOLD & TUCKER
Attorneys for Plaintiff(s)
26 Court Street
Brooklyn, New York 11242
(718) 875-4805

Address(es) of Defendant(s):

373 Choctaw Square
Brunswick, GA 31525

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

SHIRAZ KHAN and SHEREEN KHAN,

                          Plaintiffs,

    -against-

GRABBER MANUFACTURING COMPANY

                          Defendant.

Index No.:

COMPLAINT

Plaintiffs, by their attorneys, REINGOLD & TUCKER, as and for their Complaint, hereby allege the following, upon information and belief:

1. At all relevant times, plaintiffs resided, and still reside, within the County of Kings, City and State of New York.

2. At all relevant times, defendant is a Georgia corporation, duly organized and existing under and by virtue of the laws of the State of Georgia.

3. At all relevant times, defendant was a foreign corporation duly licensed to conduct business within the State of New York.

4. At all relevant times, defendant, a foreign corporation, conducted business within the State of New York.

5. On and before the 22rd day of October, 2003, plaintiff, Shiraz Khan, was employed by X-Treme Collision, Inc., 1034-38 Rockaway Avenue, Brooklyn, New York.

6. Prior to the 22nd day of October, 2003, the defendant did develop, design, manufacture, construct, assemble, distribute, sell, lease, rent, transport, inspect and/or provide information on a jack device, known to defendant as a "Selson Jack," which is further identified as a component of

item known as and by "1671 – JP Jack Pack," used to lift heavy objects and, more particularly, automobiles or parts thereof and/or to shape or re-shape the body, parts, panels and/or frame of automobiles.

7. That prior to the 22nd day of October, 2003, the defendant leased, rented and/or sold said Selson Jack (hereafter referred to as "product") to plaintiff's employer, X-Treme Collision, Inc.

8. On the 22nd day of October, 2003, while working at or with said product, plaintiff was seriously and permanently injured when the automobile suspended or supported or being lifted or lowered by the said product fell from the product due to the instability of the product or its inability to hold its load, suspended, in a stable manner.

## AS AND FOR A FIRST CAUSE OF ACTION

9. At all relevant times, the defendant knew, or should have known, that the product, aforementioned, was dangerous and failed to warn the plaintiff, and knew, or should have known, that the dangerous nature of the product would not, and could not, have been discovered by plaintiff.

10. At all relevant times, the subject product was always used for the purpose and in the manner for which it was intended, designed, developed, manufactured, advertised, sold and/or otherwise distributed.

11. At all relevant times, the defendant, its agents, servants and/or employees, had actual or constructive notice and knowledge of the inherent, unreasonable and imminently dangerous properties of the product.

12. The plaintiff was within the class of persons to whom the defendant warranted that the product would be fit, safe, suitable and proper for use by persons, including the plaintiff.

13. The subject product was in violation of the defendant's warranties, express and implied,

2

being unsafe, unfit, and failing to contain proper warnings, and did not comply with, or conform to, the warranties, express or implied, pertaining to them.

14. As a result of the breach of express or implied warranties by the defendant, the product was unsafe, dangerous, defective, and hazardous, which caused the accident described above and the injuries and damages sustained by the plaintiff, SHIRAZ KHAN.

15. By reason of the foregoing, the plaintiff, SHIRAZ KHAN, has been damaged in an amount that exceeds the jurisdiction of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiffs repeat, reiterate and reallege all of the allegations contained in paragraphs numbered "1" through "14", as if same were more fully set forth herein.

17. The defendant placed on the market and sold, distributed, delivered, furnished, and supplied to the plaintiff's employer, the aforesaid product as described above when it was in a condition unreasonably dangerous.

18. The product was expected to, and did reach the plaintiff without a substantial change in its condition, or the way that it was manufactured.

19. By reason of the foregoing, the defendant is strictly liable in tort to the plaintiff for the injuries sustained by him.

20. By reason of the foregoing, the plaintiff, SHIRAZ KHAN, has been damaged in an amount that exceeds the jurisdiction of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION

21. Plaintiffs repeat, reiterate and reallege all of the allegations contained in paragraphs numbered "1" through "19", as if same were more fully set forth herein.

3

22. The defendant was negligent, careless and reckless in the design, manufacture and distribution of the aforementioned product; in failing to design a product which is reasonably safe for its intended use; in failing to provide adequate warnings to those intended to use the product; in failing to design the product so that the load supported by it would not, or could not, be or become unstable and be caused to fall from the product; in failing to design the product so that the controls to operate the product would be located in an area remote from the danger of the load supported, should that load fall from the said product; in failing to provide guarding, and; in all other ways, defendant was negligent, careless and reckless in the premises.

23. By reason of the foregoing, plaintiff, SHIRAZ KHAN, has been rendered sick, sore, lame and disabled; was seriously and permanently injured; has suffered mental and nervous shock, all with accompanying pain and, has had, and will require medical treatment and medicines and will be unable to attend to his usual duties and activities.

24. By reason of the foregoing, the plaintiff, SHIRAZ KHAN, has been damaged in an amount that exceeds the jurisdiction of all lower Courts.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF SHEREEN KHAN

25. Plaintiffs repeat, reiterate and reallege all of the allegations contained in paragraphs numbered "1" through "23", as if same were more fully set forth herein.

26. Plaintiff, SHEREEN KHAN, is the lawful spouse of plaintiff, SHIRAZ KHAN.

27. By reason of the foregoing, the plaintiff, SHEREEN KHAN, has been deprived of the services, society, consortium and companionship of her husband, SHIRAZ KHAN.

28. By reason of the foregoing, plaintiff, SHEREEN KHAN, has been damaged in an amount

that exceeds the jurisdiction of all lower Courts.

WHEREFORE, plaintiffs demand judgment against the defendant in the First Cause of Action in an amount to be determined at the time of the trial of this action, in the Second Cause of Action in an amount to be determined at the time of the trial of this action, in the Third Cause of Action in an amount to be determined at the time of the trial of this action, in the Fourth Cause of Action in an amount to be determined at the time of the trial of this action, for punitive damages; together with interest, costs and the disbursements of this action.

Yours, etc.,

REINGOLD & TUCKER
Attorneys for Plaintiffs
26 Court Street
Brooklyn, New York 11242
(718) 875-4805

5

Index No.                        Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

SHIRAZ KHAN and SHEREEN KHAN,

                                                        Plaintiffs,

-against-

GRABBER MANUFACTURING COMPANY,

                                                        Defendant.

---

SUMMONS AND COMPLAINT

---

### REINGOLD & TUCKER
*Attorneys at Law*
Attorneys for Plaintiffs
26 Court Street
Brooklyn, New York 11242
(718) 875 - 4805

---

To:

Attorney for

---

Service of a copy of the within is hereby admitted.

Dated:

                                                        Attorney(s) for

---

PLEASE TAKE NOTICE

☐ Notice of Entry

that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on .

☐ Notice of Settlement

that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the of the within named Court, at on , at o'clock.

Dated:

                                                        REINGOLD & TUCKER
                                                        Attorneys for Plaintiffs
                                                        26 Court Street
                                                        Brooklyn, New York 11242

TO:    Attorneys for: